**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4508**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS STEVE BASKERVILLE, a/k/a Fat Bastard,

Defendant - Appellant.

----------------------------------------

JAMES BENTON, Juvenile Clerk,

Movant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge. (CR-02-410-CCB)

---

Argued:  September 26, 2007          Decided:  November 7, 2007

---

Before WILKINSON, Circuit Judge, HAMILTON, Senior Circuit Judge, and T. S. ELLIS, III, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Harvey Greenberg, Towson, Maryland, for Appellant. Stephanie Agli Gallagher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Debra L.

Dwyer, Assistant United States Attorney, Andrea L. Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Marcus Baskerville of conspiracy to possess with the intent to distribute and to distribute in excess of fifty grams of cocaine base (crack), 21 U.S.C. § 846. Baskerville appeals his conviction and sentence, challenging the exclusion of certain evidence, the sufficiency of the evidence to support his conviction, and the sentence imposed by the district court. We affirm.

First, Baskerville asserts that, under Rule 804(b)(3) of the Federal Rules of Evidence, the district court should have allowed him to call Royal Diamond Downs as a witness at trial. According to Baskerville, Downs would have testified that Baskerville's coconspirator, Keon Moses, stated to Downs that Aaron Butler, not Baskerville, participated in the September 23, 2001 attack on three rival drug dealers, which attack left two of the dealers dead and one seriously injured. In resolving Baskerville's claim, the district court assumed that Moses was unavailable and that his statement to Downs exposed Moses to criminal liability, ultimately rejecting the claim on the basis that corroborating circumstances did not clearly indicate the trustworthiness of Moses's statement. See Fed. R. Evid. 804(b)(3) (providing that, if the declarant is unavailable as a witness, "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances

clearly indicate the trustworthiness of the statement"). Although we have serious doubt that Moses's statement was against his penal interest, our careful consideration of the court's ruling leads us to conclude that the court did not abuse its discretion in holding that the proffered testimony lacked sufficient indices of reliability to be admissible under Rule 804(b)(3). See United States v. Bumpass, 60 F.3d 1099, 1102 (4th Cir. 1995) (stating standard of review for admission of Rule 804(b)(3) evidence); see also United States v. Lowe, 65 F.3d 1137, 1145-46 (4th Cir. 1995) (discussing corroborating circumstances).

Next, Baskerville asserts that the evidence before the jury was insufficient to convict him of participating in a conspiracy to possess with the intent to distribute and to distribute crack. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (citation and internal quotation marks omitted). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a

reasonable doubt.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  A defendant challenging the sufficiency of the evidence faces a heavy burden.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  We have carefully reviewed the record and conclude that the evidence in the record is sufficient to support the jury's verdict.  See Burgos, 94 F.3d at 857 ("To prove [a drug conspiracy], the Government must establish that (1) an agreement to possess [illicit drugs] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy.").

Finally, Baskerville challenges his sentence.  Although his sentencing argument is a bit confusing, the gist of the argument is that his sentence runs afoul of our decision in United States v. Collins, 415 F.3d 304 (4th Cir. 2005), where we held that a defendant found guilty of a conspiracy to violate 21 U.S.C. § 841(a) should be sentenced under 21 U.S.C. § 841(b) only by considering the amount of drugs reasonably foreseeable to the individual defendant (as opposed to the amount distributed by the entire conspiracy).  Collins, 415 F.3d at 312-14.  Because

Baskerville did not raise the <u>Collins</u> issue in the district court, our review is for plain error. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (holding that, on plain error review, reversal is warranted only if the court can (1) identify an error, (2) which is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings). Even assuming for the sake of argument that a <u>Collins</u> error occurred below, Baskerville's substantial rights were not affected by the assumed error because his 216-month sentence does not exceed the twenty-year statutory default maximum sentence set forth in 21 U.S.C. § 841(b)(1)(C). <u>Cf.</u> <u>United States v. Promise</u>, 255 F.3d 150, 156-57 (4th Cir. 2001) (holding that a sentence in excess of the authorized statutory maximum to which a defendant would not otherwise be subject affects his substantial rights).

For these reasons, we affirm the judgment of the district court.

<u>AFFIRMED</u>